IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| ROSETTA E. PITTS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:06-CV-390 ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. Now before the court is the Commissioner's motion to dismiss [doc. 2]. Plaintiff has not filed a response, and the motion is now ripe for the court's consideration. For the reasons that follow, the Commissioner's motion will be granted and this civil action will be dismissed.

A final decision of the Commissioner may be appealed to the district court "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). This sixty day limitations period begins to run upon a claimant's receipt of notice. *See* 20 C.F.R. §§ 404.981, 416.1481. The date of receipt is presumed to be five days after the date on the

notice. *See* 20 C.F.R. §§ 404.901, 416.1401.

In the present case, by notice dated July 27, 2006, the Commissioner's Appeals Council denied plaintiff's request for review. Plaintiff was notified therein that the Administrative Law Judge's ruling, which denied her claim, was now the Commissioner's final decision in her case.

Under §§ 404.901 and 416.1401, the Commissioner's July 27, 2006 notice is presumed to have been received by plaintiff on August 3, 2006. *See* Fed. R. Civ. P. 6(a). The sixty day statute of limitations thus expired on October 2, 2006. Because plaintiff's complaint was not filed with this court until October 10, 2006, the Commissioner asks that the complaint be dismissed as untimely.

The Commissioner has submitted the declaration of her officer Earnest Baskerville. Attached to Mr. Baskerville's declaration is a copy of the Commissioner's notice, which is addressed to plaintiff and copied to attorney Ronald J. Zuker. According to the declaration, attorney Zuker was plaintiff's Social Security representative of record.

As noted, plaintiff has not responded to the Commissioner's motion within the time allowed by Local Rule 7.1(a). *See* E.D. TN. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). The court observes, however, that attached to plaintiff's complaint is the October 4, 2006 affidavit of her present attorney, T. Scott Jones. The affidavit states that Mr. Jones was plaintiff's attorney of record "relative to her claim for Disability Benefits" and that he was not sent a copy of the July 27

2

notice. Mr. Jones thus contends that the Commissioner "has materially prejudiced [plaintiff's] ability to make a timely appeal."

Section 405(g)'s statute of limitations can be subject to equitable tolling. *See, e.g., Renner v. Comm'r of Soc. Sec.*, No. 02-6083, 2003 WL 21580348, at *1 (6th Cir. July 8, 2003). The court should consider the following factors in determining whether equitable tolling is warranted:

    1. the plaintiff's lack of notice of the filing requirement;

    2. the plaintiff's lack of constructive knowledge of the filing requirement;

    3. the plaintiff's diligence in pursuing her rights;

    4. absence of prejudice to the Commissioner; and

    5. the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing her claim.

*Id.* The fourth of these factors arguably weighs in plaintiff's favor, but the remaining considerations do not.

There has been no suggestion that the Commissioner's notice was not properly addressed to (and timely received by) plaintiff. The notice discloses the sixty-day limitations period and advises that an extension of time may be requested from the Appeals Council. According to Mr. Baskerville's declaration, no extension of time was requested by plaintiff or either of her attorneys.

To the extent that Mr. Jones's affidavit can be construed as a response to the Commissioner's motion, the affidavit is insufficient to defeat dismissal. The present record

3

documents that plaintiff had notice of § 405(g)'s timing requirement and simply was not diligent in pursuing her rights. She is therefore not entitled to equitable tolling, and her complaint must be dismissed as untimely. *See id.*

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge